```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**GENE CUSICK,**

                         **Plaintiff,**

               **v.**                        **CASE NO. 21-3215-SAC**

**DON LANGFORD[1],**

                         **Defendant.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se.

### Nature of the Complaint

Plaintiff alleges that in June 2020, he was in the prison shower when three persons, later identified as the defendant, Warden Langford and two unknown maintenance workers entered the shower and took pictures. Grievance materials attached to the complaint state that Warden Langford acknowledged that the event occurred and explained that he announced their entry, used the camera in his phone to take pictures of the ceiling, which needed repair, and took care not to capture an image of any person in the photographs. Plaintiff's complaint is silent on these points.

Plaintiff seeks monetary damages, an apology, and injunctive relief.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff

---

[1] It appears that defendant Langford is the sole defendant in this action. However, the complaint form is missing pages 3 and 4; therefore, if plaintiff intended to name additional defendants, he must supply the missing pages with his response to this notice.

is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Here, plaintiff's average monthly deposit is $6.75, and the average balance is $2.06. The court therefore assesses an initial partial filing fee of $1.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal

citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

Although the complaint does not identify the specific rights that allegedly were violated in this matter, the court, for screening purposes, has construed the complaint to allege violations of plaintiff's right to privacy and his rights under the Eighth Amendment.  The analysis of a claim brought under the Eighth Amendment has two components. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This factor requires the prisoner to show that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id*. It is settled that the Constitution does not guarantee "comfortable prisons" and that only conditions "denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)(internal citations omitted). Prison officials meet this standard if they "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001)(citation omitted).

Next, a prisoner must show the defendant prison officials have a "sufficiently culpable state of mind", a factor which requires a showing that defendants acted with deliberate indifference to the well-being of the prisoners in their care. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Under this analysis, "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)(quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls ... the length of exposure to the conditions is often of prime importance." *Id.* Under this standard, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations ...' may meet the standard despite a shorter duration." Id. (citations omitted).

Here, plaintiff's allegations do not suggest he has experienced more than a minor deprivation. First, prisoners have only a limited right to privacy in the context of prison life. *See generally Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984) ("[a] right to privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure the institutional security and internal order"). A prisoner's claim alleging a violation of a right to privacy must be weighed against institutional security concerns, which are "central to all other correctional goals." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Accordingly, prison conditions may infringe on

a prisoner's constitutional right to privacy if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The facts presented in the complaint and attachments show that there was a brief entry into the shower area while personnel examined a ceiling area that needed repairs. The plaintiff does not suggest that he was photographed in the shower, or even that he was viewed by the employees who came to look at the ceiling. The maintenance needs of a correctional facility present a reasonable ground for staff to enter the shower area, and the grievance responses suggest that the staff entry into the area was announced. This brief intrusion does not state a plausible claim under the Eighth Amendment or a right to privacy.

Finally, plaintiff's request for monetary damages is barred by 42 U.S.C. § 1997e(e). That provision, enacted as part of the Prison Litigation Reform Act, states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff identifies no injury from the brief presence of staff in the shower area.

### Order to Show Cause

Plaintiff is directed to show cause why this matter should not be dismissed for failure to state a claim for relief for the reasons stated.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **October 12, 2021,** to submit the $1.00 initial partial filing fee to the clerk of the court.

IT IS FURTHER ORDERED plaintiff is granted to and including **October 12, 2021,** to show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 24th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge