```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**GENE ALLAN CUSICK,**

                         **Plaintiff,**

        **v.**                                      **CASE NO. 21-3215-SAC**

**DON LANGFORD,**

                         **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff claims his rights were violated when the defendant and two unidentified maintenance men entered the shower area while he was showering and took photographs of the ceiling, in preparing for repairs.

On September 24, 2021, the court entered a Notice and Order to Show Cause (NOSC)[1] directing plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff submitted the initial partial filing fee as directed and filed a timely response to the NOSC.

In his response, plaintiff states that he was naked in the shower at the time of the incident, that there was no announcement, that two or three photos were taken, that he was not asked to step aside or out of the shower, and that he is now "shower shy".

There is a constitutional right to privacy. *See, e.g., Carey v. Population Services Int'l*, 431 U.S. 678, 684-86 (1977); *Roe v.*

---

[1] In the NOSC, the court noted that it did not receive pages 3 and 4 of the plaintiff's form complaint. In plaintiff's response, he asks the court to explain what these pages are. Because the two pages are missing from the complaint, the court cannot identify any content from those pages, or whether plaintiff actually submitted them. Plaintiff retains the original complaint and may refer to that document.

*Wade*, 410 U.S. 113, 152-56 (1973. As a convicted prisoner, plaintiff enjoys a limited right to privacy and does not "forfeit all constitutional protections by reason of [his] conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

As explained in the NOSC, it is permissible for prison conditions to infringe upon a prisoner's limited right to privacy if the conditions in question are reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Here, the need to maintain the physical premises of the facility is a legitimate penological goal, and the brief intrusion to photograph the ceiling did not violate plaintiff's protected rights. Finally, plaintiff's claim that he now is "shower shy" suggests only emotional harm, and he may not proceed on that claim in the absence of accompanying physical injury. 42 U.S.C. § 1997e(e).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge